# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

___

**KHALIK INVESTMENTS LLC,**

    **Plaintiff,**

**v.**                                           **No:** _____

                                                           **JURY DEMANDED**

**ERIE INSURANCE COMPANY,**

    **Defendant.**

___

## COMPLAINT
___

COMES NOW the Plaintiff, Khalik Investments LLC, by and through counsel, and submits the following for its Complaint against Defendant Erie Insurance Company:

## PARTIES & JURISDICTION

1. Khalik Investments LLC ("Plaintiff") is a single-member Tennessee limited liability company,[1] and its sole member is a citizen and resident of the State of Tennessee. At all relevant times, Plaintiff owned the real property and improvements located at 2054 Gallatin Pike N., Goodlettsville, Tennessee 37072, which was operated as a shopping center called the Village at Rivergate and, without limitation, included an inclusive children's gym known as We Rock the Spectrum (collectively, the "Insured Premises").

2. Erie Insurance Company ("Defendant") is an insurance company conducting business in the State of Tennessee, including Davidson County. Defendant is formed under the

---

[1] Khalik Investments LLC was incorrectly listed in the insurance policy, identified more fully below, as Khalik Investments, Inc.

laws of the State of Pennsylvania with its principal place of business located at 100 Erie Insurance Place, Erie, PA 16530.

3. This Complaint originates as the result of a storm event that damaged the structures at the Insured Premises, and Defendant's failure and refusal to promptly and fully pay Plaintiff the amounts owed pursuant to the insurance policy issued by Defendant to Plaintiff.

4. Complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Venue is proper in this Court because the Insured Premises giving rise to the insurance dispute in controversy is located in Goodlettsville, Davidson County, Tennessee.

## **FACTS**

### The Policy

5. At all times relevant hereto, Plaintiff was an insured policyholder pursuant to an insurance contract whereby Defendant agreed to insure the buildings located at the Insured Premises against property damage, bearing Policy No. Q61 0272240 (the "Policy"). As relevant hereto, the Policy's term was April 17, 2023 to April 17, 2024.

6. A certified copy of the Policy is attached as ***Exhibit 1***.

7. The Policy provided insurance coverage for direct physical loss of or damage to the buildings located on the Insured Premises.

8. The Policy is an "all-risk" policy, meaning that the Policy covered all risks of direct physical loss or damage except as specifically excluded or limited by the Policy.

9. Pursuant to the Policy, Plaintiff paid an annual premium to Defendant in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

## The Loss & Claim Investigation

10. On or around December 9, 2023, a severe storm event with damaging hail, high winds, and tornadic activity struck the Insured Premises, causing substantial direct physical loss to the Insured Premises (the "Loss").

11. As a result of the Loss, the Insured Premises suffered immediate and direct physical loss and damage, including but not limited to, damage to its roofs, as well as interior water intrusion.

12. Plaintiff promptly reported the Loss to Defendant, who assigned the Loss a claim number—No. A00005557648.

13. After notice was provided of the claim, Defendant retained Donan, an engineering firm, for the presumed purpose of investigating Plaintiff's claim and the damage sustained to the Insured Premises.

14. Upon information and belief, on February 15, 2024, Donan issued a Forensic Engineering Report to Defendant, which concluded, in relevant part, that the roofs of the Insured Premises did not suffer any hail or wind damage. Donan suggests, among other things, that the damage to the Insured Premises was "man-made" and/or that any wind/hail damage on the roof was not "functional damage" (despite the fact that the Policy does not require any so-called "functional" damage to trigger coverage for the policyholder).

15. After Defendant received Donan's Report, it provided an estimate on March 13, 2024 that estimated the total amount of the Loss at $13,455.10, less the Policy's $10,000.00 deductible and a depreciation holdback of $1,556.22.

16. On March 13, 2024, Defendant issued a payment of $1,898.88 in conjunction with its estimate.

17. Defendant's presentation of this estimate on March 13, 2024 was the first time that Plaintiff became aware that any dispute existed between Plaintiff and Defendant concerning its claim.

18. Through its partial payment on March 13, 2024, Defendant acknowledged that the Loss is a compensable claim.

19. The payment made by Defendant to Plaintiff is insufficient to indemnify Plaintiff for the Loss pursuant to the Policy.

20. Plaintiff advised Defendant that the payments made were insufficient to indemnify it for its Loss.

21. To date, Defendant has never denied Plaintiff's claim.

22. To date, Defendant has never requested a sworn statement in proof of loss.

23. On February 11, 2026, Plaintiff sent a written demand for an appraisal due to the Parties' dispute as to the amount of the Loss. Although Plaintiff desires to resolve this claim through the appraisal process, it files this action out of an abundance of caution to avoid any argument from Defendant that its suit is time barred.

## The Loss is Compensable Under the Policy

24. The Policy was in full force and effect at the time of the Loss.

25. The Loss is compensable under the terms of the Policy. As it relates to the Loss, there are no applicable exclusions or limitations.

26. Plaintiff fulfilled all of the duties imposed upon it by the Policy to the satisfaction of Defendant.

27.     Even though Plaintiff fulfilled all duties imposed upon it by the Policy and is at no fault in this matter, Defendant has wrongfully failed and refused to pay Plaintiff's full claim for insurance proceeds.

28.     Defendant's refusal to pay Plaintiff the amounts owed under the Policy is without justification and constitutes a breach of contract.

29.     As a direct and proximate cause of Defendant's breach of contract, Plaintiff has sustained substantial, compensable losses, including all amounts due Plaintiff under the Policy.

30.     Defendant's alleged reasons for denying Plaintiff's claim are fabricated, wrongful, and done with the intent to injure/harm Plaintiff.

31.     Defendant's refusal to pay the money and benefits due and owing Plaintiff under the Policy caused Plaintiff to seek legal counsel and to initiate this Complaint to recover the insurance proceeds and/or other Policy benefits to which it is entitled.

## CAUSE OF ACTION

### Count I – Breach of Contract

32.     The allegations contained in the paragraphs above in this Complaint are incorporated herein by reference as if set forth verbatim.

33.     The Policy issued by Defendant to Plaintiff is a binding contract and is supported by valid consideration.

34.     Defendant is in total and material breach of the Policy, and Defendant is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss to the Insured Premises. Specifically, Defendant's breach of contract includes the following, without limitation: Defendant's failure and refusal to pay the full amounts owed to Plaintiff for the Loss pursuant to the insurance coverage afforded by the Policy.

5

Case 3:26-cv-00155    Document 1    Filed 02/13/26    Page 5 of 6 PageID #: 5

35. As a result of Defendant's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts owed pursuant to the Policy as a result of the Loss.

36. Defendant is liable to Plaintiff for its insured losses.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that this Honorable Court award against Defendant follows:

a) For specific performance of the Policy;

b) For compensatory damages in an appropriate amount to be determined by the jury;

c) For consequential damages arising from Defendant's breach of contract;

d) For pre- and post-judgment interest;

e) For all costs incurred by Plaintiff as a result of this action; and

f) For such other further and general relief as this Court deems just and equitable.

## **JURY DEMAND**

Plaintiff demands a jury of its peers.

Respectfully submitted,

McWHERTER, SCOTT & BOBBITT PLC

s/ Jonathan L. Bobbitt
JONATHAN L. BOBBITT #23515
jonathan@msb.law
EMILY S. ALCORN #33281
emily@msb.law
109 Westpark Drive, Suite 260
Brentwood, Tennessee 37027
T: (615) 354-1144
F: (731) 664-1540

*Attorneys for Plaintiff*